http://www.va.gov/vetapp16/Files4/1630495.txt

Citation Nr: 1630495 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-12 087 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUE

Entitlement to a rating in excess of 10 percent for limitation of left knee flexion.

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Tracie N. Wesner, Associate Counsel

INTRODUCTION

The Veteran had active service in the United States Air Force from November 1979 to September 2002. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In a January 2015 decision, the Board denied a rating in excess of 10 percent for limitation of left knee flexion under Diagnostic Code (DC) 5260, granted a separate 10 percent rating for limitation of left knee extension under DC 5261 and granted a temporary total rating pursuant to 38 C.F.R. § 4.30 based on left knee surgery performed on July 12, 2006. The Veteran appealed the Board's decision to the Court of Appeals for Veterans Claims (the Court). 

In a December 2015 Order, the Court granted a Joint Motion for Partial Remand (Joint Motion), vacating that portion of the January 2015 Board decision denying a rating in excess of 10 percent for limitation of left knee flexion and remanding the matter for further proceedings consistent with the Joint Motion. The Court did not disturb the Board's findings that the Veteran is entitled to a separate 10 percent rating for left knee limitation of extension and a temporary total rating pursuant to 38 C.F.R. § 4.30.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

In March 2016, the Veteran submitted additional evidence to be considered in connection with his appeal. See March 2016 Written Statement; March 2016 Disability Benefits Questionnaire; Private Medical Records received March 2016. He specifically requested that his case be remanded to the AOJ for review of the additional evidence submitted. See March 2016 Additional Evidence Response Form. In accordance with his request, the appeal will be remanded.

Accordingly, the case is REMANDED for the following action:

Readjudicate the remanded claim, to include consideration of the additional evidence received by VA in March 2016. In readjudicating this matter, the RO should consider whether a higher rating is warranted under DC 5055, in accordance with Hudgens v. McDonald, __ F.3d ___, No. 2015-7030, 2016 WL 2893254, at *8 (Fed. Cir. May 18, 2016) (holding that DC 5055 applies to partial knee replacements).

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).